IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | No.  04-10120-01-WEB |
| ) | |
| GLADYS M. MADISON,   ) | |
| ) | |
| Defendant.   ) | |
| _____) | |

**Memorandum and Order**

The defendant Gladys Madison previously pled guilty to one count of embezzlement by a bank employee. The matter came before the court for a hearing on the defendant's objections to the Presentence Report. The court orally denied the objections at the sentencing hearing of January 10, 2005. This written memorandum will supplement the court's oral ruling.

1. *Defendant's first objection*. The defendant's first objection concerns a 2-level enhancement in ¶ 18 of the PSR for "Abuse of Position of Trust" pursuant to USSG §3B1.3. Defendant argues that although her job title was "Branch Manager," her actual duties were those of an ordinary bank teller and customer-service representative, with no discretionary authority to make loans or perform other managerial functions. She contends she was subject to the same type of supervision as were tellers at the main bank, and that she did not have the type of discretion that warrants an enhancement under § 3B1.3. She points out that the enhancement was not intended to apply to embezzlement by a bank teller.  Additionally, defendant argues that the enhancement cannot be applied in this case due to *Blakely v. Washington*,124 S.Ct. 2435 (2004), because she did not admit the facts upon which the enhancement is based.

The Government argues that the enhancement is appropriate because the defendant used her managerial position and her knowledge of the bank's system of checks and balances, including its auditing procedures, to carry out her scheme. The Government presented evidence at the sentencing hearing of the nature of the defendant's duties with Intrust Bank.

As an initial matter, the court rejects defendant's argument that *Blakely v. Washington* precludes application of the enhancement. The court finds that when the defendant waived her right to jury trial and pled guilty, and she submitted a Petition to Plead Guilty and entered into a Plea Agreement agreeing that she would be sentenced by the court under the federal sentencing guidelines, she thereby waived any right to have a jury determine the facts relating to sentencing. *Cf. Blakely*, 124 S.Ct. at 2541 ("When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding.").

As for the enhancement itself, based on the evidence presented the court finds that the defendant abused a position of private trust and used special skills in a manner that significantly facilitated the commission and concealment of the offense. A position of trust is characterized by professional or managerial discretion; persons holding such positions are typically subject to much less supervision than employees whose duties are primarily non-discretionary. Thus, the enhancement in § 3B1.3 is intended to apply to embezzlement of a client's funds by an attorney serving as a guardian, but not to embezzlement by an ordinary bank teller. USSG § 3B1.3, n. 3. The evidence here showed that the defendant was placed in a position of trust as the Branch Manager of two small branch offices of Intrust Bank. She was the sole employee in these two offices and she clearly had more authority than an ordinary bank teller. Her responsibilities included the preparation of ledger tickets used by the bank to conduct periodic audits of

the branch offices. Because of that, and because of her specialized knowledge concerning the bank's procedures, she was able to continue embezzling funds from the bank over a four-year period by creating fraudulent transactions on the ledgers. Her position of trust and her specialized knowledge clearly facilitated the commission and concealment of the offense. As such, the court finds that the enhancement under § 3B1.3 is appropriate. *Cf. United States v. Chanthaseng*, 274 F.3d 586, 589-90 (1st Cir. 2001) (enhancement applied where defendant was the branch's sole decision-maker for transactions in question and was allowed to freely countersign her own tickets); *United States v. Anderson*, 259 F.3d 853, 862-63 (7th Cir. 2001) (enhancement applied to bank assistant branch manager who had significantly more authority over accounts than bank tellers); *United States v. Lee*, 229 F.3d 1160 (Table) (unpublished), 2000 WL 975179 (9th Cir., Jul. 14, 2000) (enhancement applied to branch manager; noting "management could not have expeditiously determined whether defendant was engaged in unlawful activity because he was the only full-time employee at the branch."); *United States v. Ehrlich*, 902 F.2d 237, (5th Cir. 1990) (bank clerk was subject to the enhancement where she used her authority to balance loan accounts to make debits and embezzle funds).

    2. *Defendant's second objection -- Motion for Departure*. Defendant's second objection argues that a downward departure is warranted based on all of the facts -- including the defendant's motivation for committing the offense, her extensive health problems, and her post-offense conduct.

    The court finds that the defendant's request for a downward departure must be denied. The defendant's claim that she took money in this case to help her family is not a persuasive basis for departure, particularly in view of the fact that her conduct took place over a long period of time and was due in part to her gambling over the internet. *Cf.* USSG § 5H1.6 (family ties and responsibilities are not ordinarily

relevant in determining whether a departure is warranted). Nor is the defendant's health a persuasive basis for departure. The defendant's health problems do not constitute an extraordinary physical impairment, and prison officials will be able to provide for the defendant's basic health needs during her incarceration. *See* 5H1.4 (physical condition is not ordinarily relevant to a departure). The court has considered all of the factors cited by the defendant in her memorandum, but finds no basis for a departure on these facts. Accordingly, her request for a departure is denied.

*Conclusion*.

Defendant's objections to the Presentence Report, and her Motion for Downward Departure (Doc. 18) are DENIED. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

IT IS SO ORDERED this __11th__ Day of January, 2005, at Wichita, Ks.

                                      s/Wesley E. Brown
                                      Wesley E. Brown
                                      U.S. Senior District Judge